IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SANTARIO LAWRENCE, : | |
| : | |
| Plaintiff, : | |
| v. : | Case No. 3:20-cv-55 (CAR) |
| : | |
| CAPTAIN SCOTT PECORE, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER ON MOTION TO FILE OUT-OF-TIME OBJECTION AND
ORDER ON REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Santario Lawrence's Motion for Out of Time Appeal [Doc. 71], which the Court **CONSTRUES** as a Motion to File an Out-of-Time Objection to the United States Magistrate Judge's Report and Recommendation. Plaintiff's Motion [Doc. 71] is **GRANTED**. As such, the Court's previous Order [Doc. 68] adopting the Report and Recommendation without consideration of Plaintiff's Objection is hereby **VACATED**. Having now considered Plaintiff's Objection [Doc. 70], the Court has conducted a *de novo* review of the portions of the Report and Recommendation to which Plaintiff objects. Having done so, the Report and Recommendation [Doc. 66] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. Defendants' Motion to Dismiss [Doc. 49] and Motion for Summary Judgment [Doc. 50] are **GRANTED**.

The United States Magistrate Judge recommends the Court dismiss Plaintiff's claims related to alleged burdens upon his free exercise of religion (count two), his excessive force

claim (claim three), and his retaliation claim (claim four) for Plaintiff's failure to exhaust his administrative remedies, and to grant summary judgment for Defendants on Plaintiff's conditions of confinement claim (claim one) because no reasonable jury could find in favor of Plaintiff, and qualified immunity shields Defendant Pecore, the only defendant to Plaintiff's conditions of confinement claim, from liability.

In his Objection, Plaintiff contends he has properly exhausted his administrative remedies. The record, however, establishes otherwise. As the Magistrate Judge explained, the PLRA requires prisoners to exhaust all available administrative remedies before commencing a lawsuit.[1] Plaintiff did not exhaust his administrative remedies regarding his excessive force and retaliation claims (claims three and four) because they did not arise until after Plaintiff commenced this action. As to claim two, which relates to burdens upon his free exercise of religion, the record shows he also failed to exhaust all available administrative remedies. On March 3, 2020, Plaintiff filed a grievance that stated:

> i would like to know why the muslims don't have the right to practice our religion why are there no jumah service or tileem here at Walton county detention center i have no access to any reading material or prayer rugs or kufi for the islam religion. Im in the hole so i cant get access to imam because i have no visitation or phone privilege. My first amendment to the united states constitution states congress should make no law respecting an establishment of religion or prohibiting the free exercise clause.[2]

Captain Minton replied that Plaintiff could schedule a visit with his Imam upon conclusion

---

[1] *See Pavao v. Sims*, 679 F. App'x 819, 825 (11th Cir. 2017) ("efforts to exhaust after filing a complaint are not relevant.").
[2] Minton Declaration, p. 15 [Doc. 49-1, pp. 20-21].

2

of his disciplinary status; it explained how Plaintiff could obtain copies of religious material; and it stated that while Kufis were not allowed, prayer mats were. Plaintiff did not appeal this grievance.

In his Objection, Plaintiff filed copies of additional grievances he submitted in 2022. Plaintiff filed this action on May 8, 2020, and these grievances do not show Plaintiff exhausted his available administrative remedies for the claims asserted in this action.

Thus, the Court OVERRULES Plaintiff's Objection [Doc. 70], and the United States Magistrate Judge's Report and Recommendation [Doc. 66] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. Defendants' Motion to Dismiss [Doc. 49] and Motion for Summary Judgment [Doc. 50] are **GRANTED**.

**SO ORDERED**, this 23rd day of May, 2023.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT